# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR416-153 |
| | ) | |
| CODY WILLIAM MAGEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Cody William Magee pled guilty to one count of causing the United States Coast Guard to attempt to save lives where no help is needed, docs. 3 & 53 (Magee attempted to fake his own death at sea to avoid pending charges in Effingham County), and was sentenced to 30 months' imprisonment and repayment of nearly $750,000 restitution to the Government, doc. 69. Nothing in either the plea agreement or judgment indicated that his federal sentence should be served concurrently to any sentence later imposed by the state of Georgia. *See* docs. 53 & 69.

After receiving his 30 month sentence in this Court in November 2016, Magee remained in state custody. *See* doc. 79 at 1-2. In February 2018, Magee was sentenced by the State to serve a five year sentence in his Effingham County prosecution. *See* http://www.dcor.state.ga.us

/GDC/Offender/Query (noting concurrent five year sentences for attempted child molestation and computer pornography). The Bureau of Prisons (BOP) lodged a detainer with the Georgia Department of Corrections indicating its intent to have Magee detained at the expiration of his state sentence to be transferred to federal custody, and thus begin serving his federal sentence. Doc. 79 at 1-2. Magee objects that his sentences ought to be served concurrently, *id.* at 2, and asks the Court to order the BOP to calculate his sentence accordingly and (perhaps) void the detainer pursuant to 18 U.S.C. § 3621(b). *Id.* at 2-3 (arguing that he has already served his 30 month federal sentence in state custody).

Put differently, Magee asks for his federal sentence to be rewritten to be served concurrently with his state sentence, which he is currently serving. Nothing in his federal sentence suggests that it is to be served before or concurrently with any state sentence, and his later-imposed state sentence cannot alter the federal sentence. *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991). Because Magee's federal sentence does not affirmatively order concurrent service of his federal and state sentences, it has not been executed unlawfully.

He has no claim for relief *this Court* can provide, and his motion is

**DISMISSED.**[1]

**SO ORDERED** this ___ day of April, 2019.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] That is not to say that Magee lacks administrative options for the relief he seeks. He may ask his state custodians to request the BOP to designate the state institution as the place to serve his federal sentence concurrently with his state sentence. BOP Program Statement 5160.05(9)(b)(5) states:

> State Request. Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.
>
> (a) The [Regional Inmate Systems Administrator] will gather and review all information pertaining to the federal and state sentences. After reviewing this information carefully, if necessary, the RISA will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. A courtesy copy of this correspondence will be forwarded to the appropriate U.S. Attorney....
>
> (b) If the court has no objections, the state institution may be designated as the place to serve the federal sentence concurrently with the state sentence, according to the procedures detailed in this Program Statement.

"The [BOP] will not, under ordinary circumstances, such as overcrowding in a state institution, accept transfer of the inmate into federal custody for concurrent service." *United States v. Eccleston*, 521 F.3d 1249, 1252 n. 1 (10th Cir. 2008).